[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On January 26, 1999, the defendant-appellant, Tionte Watson, was indicted in four counts. Count one alleged an assault upon Cincinnati police officer Ronald Sanden. Count two alleged an assault upon Cincinnati police officer Elisha Orth. Count three alleged possession of twenty-five grams of cocaine. Count four alleged an aggravated robbery pursuant to R.C. 2911.01(A)(1), based upon Watson's alleged attempt to seize Officer Sanden's gun.
After a series of continuances and a delay occasioned by Watson's failure to appear for trial and his re-apprehension, Watson waived trial by jury on December 20, 1999. He was found guilty as charged in counts one and two. The court amended the fourth count to reflect that the indictment actually charged an offense under R.C. 2911.01(B)(1), and found Watson guilty of the amended charge. Prior to the commencement of trial, Watson had pleaded guilty to count three, possession of the twenty-five grams of cocaine that was discovered on his person when he was arrested, and, simultaneously, to another temporally unrelated charge of possession of cocaine.
On January 31, 2000, the court reviewed a presentence investigation report and imposed sentences of seventeen months for each of the assaults in counts one and two, nine years for the aggravated robbery in count four, and eleven months on count three, with the terms for counts one and four to be served concurrently, and all others to be served consecutively.
Watson's first assignment, that the court erred in denying his motion for acquittal when the prosecution rested its case-in-chief, is overruled on authority of State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, and State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. The prosecution adduced substantial and probative evidence sufficient to provide grounds upon which a reasonable mind could reach different conclusions as to whether every material element of the given crimes had been proved beyond a reasonable doubt.
Officer Orth, while on patrol in an area known for a high incidence of traffic in illicit drugs and violence, including a very recent shooting, observed a group of some ten males blocking the sidewalk and being "disorderly." Because of his knowledge of the recent shooting, Orth summoned assistance from other officers. One of those who responded was Officer Sanden. When Orth began a pat-down search of Watson for the officers' safety, Watson pushed Orth away, struck him with a clenched fist, and fled. As Watson ran, he was seized by Sanden, and Watson struck and punched the officer in the course of the struggle. As they grappled, Sanden felt, and Orth observed, Watson's attempts to gain possession of Sanden's service weapon by unsnapping its holster and "pulling" and "jerking" upon it. Ultimately, Watson was subdued and taken from the scene in handcuffs. After the court overruled his motion for acquittal, Watson testified, stating that he had not intentionally harmed or attempted to harm either Orth or Sanden, and had not attempted to seize Sanden's weapon.
The second assignment of error is that the findings of guilty were against the manifest weight of the evidence. To reverse a trial court's decision on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. See State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547.
Upon the facts of this case, which the trial court was entitled to derive from the evidence, the assignment of error is not well taken. R.C. 2911.01(B)(1) provides the following:
 (B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:
 The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;
 The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer.
The trial court's conclusions that Watson had violated R.C. 2911.01(B)(1) by attempting to seize Sanden's gun, and that Watson had intentionally caused, or attempted to cause, physical harm to uniformed Officers Orth and Sanden, are fully supported within the record. Therefore, the second assignment of error is overruled.
For the reasons given, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.